1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

RAVON GOOD,                                    No.  2:19-cv-2453 CKD P

12

Plaintiff,

13

v.                                             ORDER

14

RALPH DIAZ, et al.,

15

Defendants.

16

17      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18  1983.  On March 5, 2020, the court screened plaintiff's complaint as the court is required to do

19  under 28 U.S.C. §1915A(a).  Plaintiff's complaint was dismissed with leave to amend.  Plaintiff

20  has now filed an amended complaint.

21      Again, the court is required to screen complaints brought by prisoners seeking relief

22  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

23  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

24  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26  U.S.C. § 1915A(b)(1), (2).

27      The court has reviewed plaintiff's amended complaint and finds that it fails to state a

28  claim upon which relief can be granted under federal law.  Plaintiff's amended complaint must be

1

1  dismissed.  The court will, however, grant plaintiff one final opportunity to state a claim upon

2  which relief could be granted in a second amended complaint.

3       In his amended complaint, plaintiff again takes issue with the fact that he has been denied

4  a parole eligibility hearing.  However, plaintiff fails to point to facts indicating he was ever

5  entitled to such a hearing.  In his second amended complaint, plaintiff should indicate specifically

6  why he feels he is, or was, entitled to a parole eligibility hearing; why a hearing was denied; and

7  by whom the hearing was denied.

8       Plaintiff is advised to review the court's March 5, 2020 screening order for further

9  instructions and guidance as to the contents of his second amended complaint.  In particular,

10 plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's

11 second amended complaint complete.  Local Rule 220 requires that any amended complaint be

12 complete in itself without reference to any prior pleading.  This is because, as a general rule, an

13 amended complaint supersedes all prior complaints.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

14 1967).

15      In accordance with the above, IT IS HEREBY ORDERED that:

16      1.  Plaintiff's amended complaint is dismissed.

17      2.  Plaintiff is granted thirty days from the date of service of this order to file a second

18 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

19 of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear

20 the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure

21 to file a second amended complaint in accordance with this order will result in a recommendation

22 that this action be dismissed.

23 Dated:  June 4, 2020

24                                            _____
                                             CAROLYN K. DELANEY
25                                           UNITED STATES MAGISTRATE JUDGE

26 1
   good2453.14(2)
27

28

                                            2